UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF NEW YORK
..............................................................................x
LUCILLE ORILLANEDA

                              Plaintiff,                        Civ. # 07 CV 3206 (RJH)

                                                                            COMPLAINT

           -Against-

THE FRENCH CULINARY INSTITUTE         PLAINTIFF DEMANDS A
a/k/a BEAR COVE, LLC                                  JURY TRIAL

                              Defendants.
..............................................................................x

      Plaintiff Lucille Orillaneda ( "Plaintiff"), by her attorney Elizabeth A. Mason, as and for her Complaint against the Defendant herein, on information and belief, alleges at all relevant times herein, the following:

      1.     Plaintiff brings this action against the Defendant to remedy its discrimination of her on the basis of pregnancy and to remedy its wrongful termination of Plaintiff in violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k), contained in Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e et seq., ("PDA" and "Title VII"). This action is also for damages and injunctive relief caused by Defendant's wrongful termination of Plaintiff from her employment in violation of §102 of the Family and Medical Leave Act of 1993.

      2.     Plaintiff brings this action against the Defendant's pursuant to New York State Human Rights Law ("HRL"), §290 et seq., and the New York City Human Rights Law ("NYCHRL"), §8-107 et seq. seeking redress for Defendant's discrimination of her on the basis of pregnancy.

1

3. Plaintiff seeks *inter alia*, injunctive and declaratory relief, back pay, front pay, compensatory and punitive damages, attorney's fees, and all other legal and equitable relief to redress the deprivation of rights secured to Plaintiff by Title VII and other relevant federal law and state law, including New York State and New York City Human Rights Law.

**JURISDICTION**

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343 and/or 42 U.S.C. §2000e-5(f)(3).

5. This Court's pendent jurisdiction of the New York State civil rights claims arising under New York State law and New York City law is invoked pursuant to 28 U.S.C. § 1367.

6. The unlawful employment practices complained of herein occurred within the City and State of New York at Defendant's office. Because Defendant is engaged in business in the County and State of New York, and may be served with process within the Southern District of New York, venue is proper pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

7. On or about May 11, 2006, Plaintiff filed with the New York District Office of the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), a complaint charging *inter alia* pregnancy discrimination by the Defendant, her former employer, its owners and its managers, bearing Charge Number 520-2006-02222.

8. On or about January 19, 2007, the EEOC issued Plaintiff a Notice of Right to Sue, based upon Plaintiff's Request for a Right to Sue.

9. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court

under Title VII. Jurisdiction is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

## PARTIES

10. At all relevant times alleged herein, Plaintiff was a resident of the State of Connecticut.

11. On information and belief Defendant French Culinary Institute is a teaching institution and has a restaurant located in New York, New York.

12. At all times Defendant has had more than a hundred and fifty employees in its employ.

13. Defendant French Culinary Institute is a Limited Liability Company registered under the name Bear Cove L.L.C. having its principal place of business at 462 Broadway, New York, New York.

14. Defendant French Culinary Institute is considered an "employer" within the meaning of Title VII, the Family and Medical Leave Act, the New York State Human Rights Act, and the New York City Administrative Code governing human rights actions.

## ALLEGATIONS COMMON TO ALL COUNTS

15. In or about October of 1999 Plaintiff, a female, began working at the French Culinary Institute as a temporary employee. Plaintiff's primary responsibility was to reconcile bank accounts and handle accounts receivable.

16. In January 2000, Plaintiff was offered and she accepted a position as the

3

Accounting Manager on a consultation basis.

17. In or about June of 2001 Defendant undertook sponsorship of the Plaintiff for a H-1 working visa.

18. Defendant hired Plaintiff as a full time employee by the French Culinary Institute in June of 2001.

19. At all relevant times, Plaintiff's supervisor and/or manager was Gary Apito, the President of the French Culinary Institute, as well as its Chief Operating Officer.

20. At all relevant times, the Manager of Human Resources of Cindy Whitaker, who also reported to Gary Apito.

21. In July of 2002 the Defendant promoted Plaintiff to the position of Controller. At the time of the promotion, Plaintiff was a licensed Certified Public Accountant.

22. Prior to the date of Plaintiff's termination, she made two attempts to become pregnant by *in vitro* fertilization.

23. Plaintiff informed her supervisor of her first attempt to become pregnant in or about October of 2004. Because of the medical care needed to successfully complete the process, Plaintiff had to take off approximately five days of work.

24. Plaintiff's first attempt at in vitro fertilization was unsuccessful.

25. Plaintiff's Supervisor Gary Apito was aware that Plaintiff was attempting to get pregnant at this time.

26. Plaintiff's Supervisor knew that the attempt was unsuccessful and that Plaintiff intended to try again.

4

27. Plaintiff's Human Resources Manager Cindy Whitaker knew that a) Plaintiff was attempting to become pregnant by in vitro, b) that the first attempt was unsuccessful, and c) that Plaintiff wanted to continue with the fertility treatments.

28. Some time after Plaintiff underwent her first fertility treatment, several of Defendant's employees began making statements about Plaintiff's single marital status and desire to have a child. Plaintiff found these statements upsetting.

29. In or about April of 2005, Plaintiff had to have both of her fallopian tubes removed, which further necessitated the need for in vitro fertilization.

30. Both the Human Resource Manager and the President were aware of Plaintiff having this surgery, and her desire to continue with becoming pregnant through in vitro fertilization.

31. In June of 2005 Plaintiff informed her boss, the President of the Defendant, as well as its HR Manager that she needed to take another week off to undergo another cycle of vitro fertilization.

32. The process of undergoing in vitro fertilization constitutes a serious health condition under the Family and Medical Leave Act.

33. Plaintiff took off the week of July 4, 2005 to undertake this second attempt.

34. During the week she was off, Plaintiff had to request an additional week off to because of the in vitro fertilization due to complications arising from the process.

35. Plaintiff informed the Defendant of the medical complications and advised that she needed to take off a second week from work.

5

36. During Plaintiff's leave, she communicated on a regular basis with the Defendant.

37. Plaintiff's second attempt at in vitro fertilization was successful, as Plaintiff's doctor advised her that she was pregnant on July 15, 2005, days prior to her returning to work

38. On the day Plaintiff returned to work, July 18, 2005, Gary Apito fired her upon her arrival at work.

39. When Plaintiff asked why Gary Apito why he was firing her, he said he was reluctant to give a reason.

40. When Plaintiff pressed Gary Apito for a reason, he stated he was firing Plaintiff because she did not get along with her fellow managers, that her staff did not like her and that he had lost confidence in the Plaintiff due to errors made by her staff in January.

41. Plaintiff was shocked and distraught by Defendant's decision to fire her.

42. Plaintiff had no prior knowledge or reason to believe that the reasons Gary Apito had given to her for firing her were true.

43. At no time prior to the firing of Plaintiff did the Defendant ever inform her that she was subject to being fired or warned to improve her performance.

44. During the six years Plaintiff worked for Defendant, Plaintiff had always received positive reviews.

45. For these and other reasons, Defendant's proffered reason for firing Plaintiff was false.

46. A week after Plaintiff was fired, the HR Manager told her that because Plaintiff got what she wanted (pregnant), she should not feel bad about being fired.

47. Plaintiff has suffered considerable emotional distress as a result of the wrongful termination, including but not limited to humiliation, depression, stress, anxiety, sleeping problems, crying, and other related forms of emotional distress.

48. Plaintiff has also suffered a loss of income and benefits as a result of Defendant's wrongful termination.

49. Plaintiff's position was subsequently filled by a non-pregnant individual and/or Plaintiff was terminated under circumstances giving rise to an inference of unlawful pregnancy discrimination.

50. By taking the two-week leave of absence to undergo in vitro fertilization, Plaintiff participated in a FMLA protected activity.

51. Defendant's decision to terminate her employment was motivated by Plaintiff's participation in the protected activities.

## FIRST COUNT

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint with the same force and effect as if set forth herein.

53. Defendant's termination of Plaintiff was in violation of Title VII's Pregnancy Discrimination Act ("PDA").

54. At all relevant times Plaintiff was a member of the class protected by the PDA at the time the discriminatory acts occurred because she was planning to try to become pregnant and/or was pregnant.

55. Plaintiff was well qualified for the position of Controller and had satisfactorily performed her job for the past four years.

56. Defendant's termination of Plaintiff was based upon its knowledge of Plaintiff's efforts to become pregnant, and/or her becoming pregnant, and constitutes a violation of Plaintiff's rights under the Pregnancy Discrimination Act.

57. Defendant's awareness of plaintiff's desire and attempts to become pregnant, her absence from work to undergo pregnancy fertilization, and Defendant's abrupt firing of Plaintiff the very day she returned constitutes a conscious wrongdoing to warrant punitive damages.

58. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief, which damages include, but are not limited to Plaintiff's compensatory damages, emotional distress, humiliation, loss of income, back pay, front pay, benefits, reasonable attorney's fees, costs and expenses, and statutory interest from the date of injury.

**SECOND COUNT**

59. Plaintiff repeats and realleges each and every allegations contained in paragraphs 1 through 58 of this Complaint with the same force and effect as if set forth herein.

60. Defendant's termination of Plaintiff was in violation of New York Human Rights Law §296(1)(a).

61. The above acts and practices of the Defendant constitute unlawful discriminatory

employment practices within the meaning of §296(1)(a).

62. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief, which damages include but are not limited to Plaintiff's compensatory damages, emotional distress, humiliation, loss of income, back pay, front pay, benefits, reasonable attorney's fees, costs and expenses, and statutory interest from the date of injury.

### THIRD COUNT

63. Plaintiff repeats and realleges each and every allegations contained in paragraphs 1 through 62 of this Complaint with the same force and effect as if set forth herein.

64. Defendant's termination of Plaintiff was in violation of §8-107(1)(a) and § 8-502 of the New York City Administrative Code.

65. The above acts and practices of the Defendant constitute unlawful discriminatory employment practices within the meaning §8-107(1)(a) and § 8-502.

66. As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

67. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief, which damages include but are not limited to Plaintiff's compensatory damages, emotional distress, humiliation, loss of income, back pay, front pay, benefits, reasonable

attorney's fees, costs and expenses, and statutory interest from the date of injury.

68.     Plaintiff further requests punitive damages under §8-502 given Defendant's reckless indifference to plaintiff protected rights.

## FOURTH COUNT

69.     Plaintiff repeats and realleges each and every allegations contained in paragraphs 1 through 70 of this Complaint with the same force and effect as if set forth herein.

70.     Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she requested time off to undergo in vitro fertilization. Defendant was the "employer" of the Plaintiff within the meaning of 29 U.S.C. Section 2611(4)(A) at all times relevant to this action

71.     Defendant's wrongful termination of Plaintiff's employment was in violation of 29 U.S.C. §2615 et seq.

72.     As a result of Defendant's violation of Plaintiff's rights under the FMLA, Plaintiff seeks all available damages she is entitled to under FMLA, including without limitation, all monetary damages resulting from her wrongful termination; 2) interest on that amount, 3) liquidated damages in the amount equal to the sum of her actual damages and interest; 4) Plaintiff's reasonable attorney's fees, Plaintiff's reasonable expert witness fees and all other costs and expenses associated with the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

On Count One: a) declaring that Defendant's acts and practices complained of are in violation of Title VII; b) enjoining and permanently restraining Defendant from further violating Title VII; c) directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated; d) directing Defendant to make Plaintiff whole for all the past and future earnings she would have received but for Defendant's discriminatory firing of her, including but not limited to her of loss of income and all employment benefits plus statutory interest from the date of injury; e) awarding Plaintiff compensatory and punitive damages in the amount of to be proven at trial, pursuant to applicable federal law, plus statutory interest from the date of injury; f) awarding Plaintiff the costs of this action together with reasonable attorney's fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e-6(k);

On Count Two: a) declaring that the acts and practices complained of herein are in violation of New York State law, b) enjoining and permanently restraining Defendant from further violating New York State Human Rights Law, c) directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated; d) directing Defendant to make Plaintiff whole for all the past and future earnings she would have received but for Defendant's discriminatory firing of her, including but not limited to her of loss of income and all employment benefits plus statutory interest from the date of injury; e) awarding Plaintiff compensatory damages in an amount of to

be proven at trial, pursuant to applicable federal law, plus statutory interest from the date of injury; f) awarding Plaintiff the costs of this action together with reasonable attorney's fees as provided by §296 et seq. of the New York State Human Rights Law.

On Count Three: a) declaring that the acts and practices complained of herein are in violation of § 8-107 and § 8-502 the Administrative Code of the City of New York; b) enjoining and permanently restraining Defendant from further violating the Administrative Code; c) directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated; d) directing Defendant to make Plaintiff whole for all the past and future earnings she would have received but for Defendant's discriminatory firing of her, including but not limited to her of loss of income and all employment benefits plus statutory interest from the date of injury; e) awarding Plaintiff compensatory and punitive damages in the amount of to be proven at trial, pursuant to applicable law, plus statutory interest from the date of injury; f) awarding Plaintiff the costs of this action together with reasonable attorney's fees as provided by the New York City Administrative Code; and

On Count Four, a) declaring that Defendant's acts and practices complained of are in violation of the Family and Medical Leave Act; b) directing Defendant to make Plaintiff whole and awarding Plaintiff all available damages she is entitled to under FMLA, including without limitation, all monetary damages resulting from her wrongful termination plus interest on that amount, 3) awarding Plaintiff liquidated damages in the amount equal to the sum of her actual damages and interest; 4) awarding Plaintiff her reasonable attorney's fees, expert witness fees

and all other costs and expenses associated with the action.

Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
April 19, 2007

Respectfully submitted,

X Elizabeth A. Mason

_____

Elizabeth A. Mason (x0786)
Attorney for the Plaintiff
Law Offices of Elizabeth A. Mason, LLP
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
(212) 332-7590