UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LUCILLE ORILLANEDA,                                          :
                 **Plaintiff,**          :
               - against -                     :

THE FRENCH CULINARY INSTITUTE a/k/a :
BEAR COVE, LLC,
                 **Defendants.**          :
                                                    :
------------------------------------------------------------ x

CASE NO.: 07 CV 3206

**ANSWER**

Defendant **THE FRENCH CULINARY INSTITUTE, d/b/a INTERNATIONAL CULINARY CENTER, LLC, sued herein as THE FRENCH CULINARY INSTITUTE a/k/a BEAR COVE, LLC ("FCI")** by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, answer plaintiff's complaint as follows:

1.    No response is required as to the allegations contained in paragraph 1 of the complaint as they do not present facts but instead call for legal conclusions, except that the FCI denies that it discriminated against plaintiff on the basis of pregnancy and that it wrongfully terminated plaintiff.

2.    No response is required as to the allegations contained in paragraph 2 of the complaint as they do not present facts but instead call for legal conclusions, except that the FCI denies that it discriminated against plaintiff on the basis of pregnancy.

3.    No response is required as to the allegations contained in paragraph 3 of the complaint as they do not present facts but instead call for legal conclusions.

4.    No response is required as to the allegations contained in paragraph 4 of the complaint as they do not present facts but instead call for legal conclusions.

2839137.1

5. No response is required as to the allegations contained in paragraph 5 of the complaint as they do not present facts but instead call for legal conclusions.

6. The FCI admits the allegations contained in paragraph 6 of the complaint, except that the FCI denies that any "unlawful employment practices complained of herein" occurred, and no response is required to the allegation that FCI "may be served with process with the Southern District of New York, venue is proper pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000-e-5(f)(3)" as it does not present facts but instead calls for legal conclusions.

7. The FCI admits the allegations contained in paragraph 7 of the complaint, except that the FCI denies that plaintiff's Equal Employment Opportunity Commission complaint charged discrimination against the FCI's owners and managers.

8. The FCI admits the allegations contained in paragraph 8 of the complaint.

9. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. The FCI admits the allegations contained in paragraph 11 of the complaint.

12. The FCI admits the allegations contained in paragraph 12 of the complaint.

13. The FCI admits the allegations contained in paragraph 13 of the complaint, except that it denies that the FCI is "registered under the name Bear Cove, L.L.C."

Case 1:07-cv-03206-RJH-HBP   Document 4   Filed 06/25/2007   Page 3 of 10

14. No response is required as to the allegations contained in paragraph 14 of the complaint as they do not present facts but instead call for legal conclusions.

15. The FCI admits the allegations contained in paragraph 15 of the complaint.

16. The FCI admits the allegations contained in paragraph 16 of the complaint.

17. The FCI admits the allegations contained in paragraph 17 of the complaint.

18. The FCI admits the allegations contained in paragraph 18 of the complaint.

19. The FCI admits the allegations contained in paragraph 19 of the complaint.

20. The FCI admits the allegations contained in paragraph 20 of the complaint.

21. The FCI admits the allegations contained in paragraph 21 of the complaint, except that the FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations that "[p]laintiff was a licensed Certified Public Accountant."

22. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. The FCI admits the allegations contained in paragraph 25 of the complaint.

26. The FCI admits so much of the allegations contained in paragraph 26 of the complaint that alleges that "plaintiff's supervisor knew that the attempt was unsuccessful", but denies the remainder of the allegations.

27. The FCI denies the allegations contained in paragraph 27 of the complaint, except that that FCI admits that Human Resources Manager Cindy Whitaker knew that plaintiff was attempting to become pregnant, and that the plaintiff's first attempt was unsuccessful.

28. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30. The FCI denies the allegations contained in paragraph 30 of the complaint.

31. The FCI denies the allegations contained in paragraph 31 of the complaint, except that the FCI admits that plaintiff requested to take a week off from work.

32. No response is required as to the allegations contained in paragraph 32 of the complaint as they do not present facts but instead call for legal conclusions.

2839137.1

33. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint.

34. The FCI denies knowledge and information to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.

35. The FCI denies the allegations contained in paragraph 35 of the complaint, except that the FCI admits that plaintiff requested to take a second week off from work.

36. The FCI denies the allegations contained in paragraph 36 of the complaint.

37. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint.

38. The FCI denies the allegations contained in paragraph 38 of the complaint, except that the FCI admits that plaintiff was terminated on July 18, 2005.

39. The FCI denies the allegations contained in paragraph 39 of the complaint.

40. The FCI denies the allegations contained in paragraph 40 of the complaint.

41. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint.

42. The FCI denies the allegations contained in paragraph 42 of the complaint.

43. The FCI denies the allegations contained in paragraph 43 of the complaint.

2839137.1

44. The FCI denies the allegations contained in paragraph 44 of the complaint.

45. The FCI denies the allegations contained in paragraph 45 of the complaint.

46. The FCI denies the allegations contained in paragraph 46 of the complaint.

47. The FCI denies the allegations contained in paragraph 47 of the complaint.

48. The FCI denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint.

49. The FCI denies the allegations contained in paragraph 49 of the complaint.

50. The FCI denies the allegations contained in paragraph 50 of the complaint.

51. The FCI denies the allegations contained in paragraph 51 of the complaint.

## FIRST COUNT

52. For its response to paragraph 52 of the complaint, the FCI repeats its answers to the allegations contained in paragraphs 1 through 51 of the complaint as if fully set forth herein.

53. The FCI denies the allegations contained in paragraph 53 of the complaint.

54. The FCI denies the allegations contained in paragraph 54 of the complaint.

55. The FCI denies the allegations contained in paragraph 55 of the complaint.

56. The FCI denies the allegations contained in paragraph 56 of the complaint.

57. The FCI denies the allegations contained in paragraph 57 of the complaint.

58. The FCI denies the allegations contained in paragraph 58 of the complaint.

## SECOND COUNT

59. For its response to paragraph 59 of the complaint, the FCI repeats its answers to the allegations contained in paragraphs 1 through 58 of the complaint as if fully set forth herein.

60. The FCI denies the allegations contained in paragraph 60 of the complaint.

61. The FCI denies the allegations contained in paragraph 61 of the complaint.

62. The FCI denies the allegations contained in paragraph 62 of the complaint.

2839137.1

## THIRD COUNT

63. For its response to paragraph 63 of the complaint, the FCI repeats its answers to the allegations contained in paragraphs 1 through 62 of the complaint as if fully set forth herein.

64. The FCI denies the allegations contained in paragraph 64 of the complaint.

65. The FCI denies the allegations contained in paragraph 65 of the complaint.

66. The FCI denies the allegations contained in paragraph 66 of the complaint.

67. The FCI denies the allegations contained in paragraph 67 of the complaint.

68. The FCI denies the allegations contained in paragraph 68 of the complaint.

## FOURTH COUNT

69. For its response to paragraph 69 of the complaint, the FCI repeats its answers to the allegations contained in paragraphs 1 through 68 of the complaint as if fully set forth herein.

70. The FCI denies the allegations contained in paragraph 70 of the complaint.

71. The FCI denies the allegations contained in paragraph 71 of the complaint.

72. The FCI denies the allegations contained in paragraph 72 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Subject to proof during discovery, plaintiff has failed in whole or in part to mitigate her purported damages.

## THIRD AFFIRMATIVE DEFENSE

All relevant factors should be considered in accordance with Section 8-107(e) and (f) of Title 8 of the New York City Administrative Code.

## FOURTH AFFIRMATIVE DEFENSE

Mitigating factors should be taken into account in accordance with Section 8-126(b) of Title 8 of the New York City Administrative Code.

## FIFTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, plaintiff has failed to satisfy the statutory prerequisites to filing suit under the New York City Administrative Code.

**WHEREFORE**, the answering defendants demand judgment dismissing the complaint together with the costs and disbursements of this action.

Dated:   New York, New York
         June 25, 2007

                              WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP

                    By:       _____
                              Laura E. Evangelista
                              Attorneys for Defendants
                              **THE FRENCH CULINARY INSTITUTE
                              a/k/a BEAR COVE, LLC**
                              150 East 42nd Street
                              New York, NY 10017-5639
                              (212) 490-3000
                              File No. 00469.10507

TO:

Elizabeth A. Mason
Attorney for Plaintiff
Law Offices of Elizabeth A. Mason, LLP
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
(212) 332-7590

2839137.1