LAW OFFICES
# ELIZABETH A. MASON,
45 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10111

TEL: (212) 332-7590
FAX: (212) 332-7591

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-22-08

December 19, 2008

*Application denied without prejudice. See paragraph 10 of my 11-21-08 order.*

**SO ORDERED**

*[signature]*

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
12-22-08

Via Facsimile (without attachments)
   and First Class Mail (with attachments)
Honorable Henry Pitman
Chief United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Orillaneda v. French Culinary Institute Docket No. 07-CV-3206

Dear Judge Pitman

    On November 14, 2008, the Court made rulings on Plaintiff's Document Requests 1 and 2, and rendered its order on November 24, 2008 ("Order"). On reviewing the Order, counsel for the respective parties realized there were issues regarding the Order which they wanted to bring to the Court's attention for further direction. Plaintiff is also submitting with the letter an Affirmation with exhibits addressing defendant's unwillingness to provide discovery in this case. As set forth in greater detail therein, plaintiff has presented this Court with evidence that Defendant has not conducted the appropriate searches for the requested information nor has it produced the relevant information in a timely manner. As a result of these failures, plaintiff has been severally prejudiced by her inability to depose key witnesses regarding information that was produced by defendant after the close of discovery. Given the extent of Defendant's noncompliance with plaintiff's document requests and interrogatories, plaintiff is requesting that the Court enter specific instructions regarding the proper protocols to be followed by the defendant in its preserving, collecting, filtering and producing the responsive documents. These issues are being raised now because of the Court's November 24 order requiring defendant to search for and produce documents responsive to plaintiff's second document request.

    A.    The first issue addressed is the Court's Order regarding plaintiff's second document request. Plaintiff's actual Document Request reads: "all other documents not included in the Personnel File concerning defendant's hiring, employment, training, supervision, evaluation, management, discipline, compensation, scheduling, promotion, demotion, termination of the plaintiff."

    1.    With respect to the Court's ruling on that request, the Order states: "To the extent that <u>they exist on media</u> other than backup tapes, defendant is directed to produce for 2003 through 2005 <u>**emails from**</u> Apito, Whitaker, Papagni, Dorothy Hamilton, Doug Hamilton, Guerin and Scotland that refer to disciplinary matters against plaintiff, peer reviews of plaintiff, plaintiff's compensation, evaluations, performance or termination." <u>See</u> ¶8, Order.

    Plaintiff asks that the Order require the defendant to produce all responsive "documents" and not just

"email. In her document request Plaintiff's defines "document" to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or nonidentical copy is a separate document within the meaning of this term. The discovery of electronically stored information stands on equal footing with discovery of paper documents under Rule 34. Rule 34 applies to information fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined

By permitting defendant to limit its production of documents to only email, defendant will withhold highly relevant documents to plaintiff's prejudice. Presently the Order does not require defendant to search for and produce responsive letters, memos, reports, schedules, files, minutes, spreadsheets relating to the categories of documents defendant was ordered to produce with respect to plaintiff's second document request. As reflected in the attached affidavit, defendant has not searched for any of these responsive documents as of yet. See Mason Affirmation, December 18, 2008. By only requiring defendant to produce the email, defendant would also avoid having to produce the attachments to those email. As the Court is aware, "attachments" are computer generated documents generated by the sender on their computer. "Word processing documents" can be the most important part of the email. Accordingly, I would ask that the court require defendant to search for and produce all electronically stored information, including but not limited to "word processing" documents, "attachments" spreadsheets.[1] See Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991)(Rule 26 relevance is an "obviously broad rule" that is "liberally construed"). Discovery is relevant if there is "any possibility that the information sought may be relevant to the subject matter of the action." Goodyear Tire & Rubber Co. V. Krik's Tire & Augo Service Center of Haverstraw, Inc., 2003 Dist. LEXIS 15917, 2004 WL 22110281 (S.D.N.Y. Sept. 10, 2003).

2.    The second issue regarding ¶8 of the Order is that the language requires Defendant to search for and produce emails only **"from" the key players, and not "to"** the key players as well. Plaintiff asks that the Order require defendant to produce all response documents and not just those emails that are sent by the key players. This distinction is important because if Apito or Whitaker received a document from someone other than the identified key players regarding these topics, it would not have to be produced. Given the importance of recovering all responsive electronically stored information, plaintiff believes sufficient grounds exist to require the defendant to search in all places where accessible electronic information exists, and not just the outboxes of the key players. See Serrra Chevrolet v. Gen. Motors Corp., 446 F.2d 1137, 1142 (11th cir. 2006)(plaintiff moved for sanctions based upon defendants failure to adequate search and produce requested electronic media). In Mosaid Technologies, Inc. V. Samsung electronics Co, 348 F.Supp.2d 332 (D.N.J. 2004) the court imposed sanctions against the defendant based on its failure to preserve emails. After plaintiff filed a complaint, defendant continued to delete emails. The Magistrate granted an adverse inference instruction against the defendant, which was appealed. On appeal the district court upheld the magistrates judge's adverse inference instruction, stating that plaintiff's request for document implicitly encompassed emails and defendant should have reasonably foreseen the relevance and discover ability of technical emails.

---

[1] Discovery of "documents" applies to electronic data compilations from which information can be obtained only with use of detection devices." Zubulake v. USB Warburg, LLC, 230 F.R.D.290 (S.D.N.Y. 2003) (Zubulake II); Rowe Entertainment, Inc. V. The William Morris Agency, Inc., 205 F.R.D. 421, 427 (S.D.N.Y. 2001)("[e]lectronic documents are no less subject to disclosure than paper records"). Discovered email has provided key evidence in a number of discrimination lawsuits; Meloff v. New York Life Ins. Co. 51 F.3d 372, 373 (2d Cir. 1995)(employment discrimination and defamation); Strauss v. Microsoft Corp., 856 F.Supp. 821, 822-23 (S.D.N.Y. 1994)(gender discrimination); Antioch Co. V. Scrapbook Borders, Inc., No. 02-100, 2002 WL 31387731, at *7 (D.Minn. April 29, 2002)(deleted information on parties' computer equipment "may well be both relevant and discoverable")

privilege log, plaintiff submits that the defendant should be required to turn over all responsive documents without redacting any content. Should the defendant be concerned about protecting the confidentiality of information concerning individual employees, plaintiff and her counsel are willing to enter into a confidentiality agreement protecting against disclosure of personal information. By following this procedure, counsel will ensure that all responsive documents have been produced, and that no relevant information is redacted under the guise of it being irrelevant.

Lastly, I have drafted proposed language for the Court's consideration:

Defendant is directed to search for in all places where the responsive documents and information is store to plaintiff's Document Request 2 for the period of 2003 to 2005 concerning plaintiff's "evaluation, discipline, compensation, performance, termination and peer reviews, including but not limited to all electronically and digitally stored information, e.g. emails, word processing documents, notes, outlines, reports, correspondence, reviews, evaluations, goals, audit files, peer review requests and responses, meeting notes, minutes, schedules, calendars, complaints, and all other documents concerning these topics. Defendant is directed comply with court established protocol to prevent against any modification or deletion to the documents, and to preserve the evidence for chain of custody purposes. Defendant is directed to have a qualified independent forensic technician recover and collect the responsive information from FCI's network servers file servers, and all other places where FCI and its employees archive the responsive documents and information including the hard drives of the FCI computers used by Orillaneda, Apito, Cindy Whitaker, Yannick Guerin, Leslie Scotland, Chris Papagni and the Hamiltons.

In closing, I thank you for your consideration of the issues set forth in this submission.

Most respectfully,

Elizabeth A. Mason

Enc.
cc: Shivani Soni, Esq.
(Affidavit and Attachments via first class mail)

when, and all other information relevant to those documents. For these reasons, it is imperative that plaintiff be permitted to inspect the metadata of these documents and any other documents defendant intends to produce which are responsive to plaintiff's document requests. By requiring the defendant to produce the responsive documents in the original format and form they were created (which is now required by Rule 34) plaintiff will be able to obtain the much needed information to answer all of these questions. The metadata will also reveal if any one or more of the documents were prepared at a time prior to or after the dates that the defendant alleges it made its decision to terminate the plaintiff's employment. Access to the metadata will also permit the plaintiff to determine if there is any conflicting information being exchanged between the Defendant's employees regarding its reasons to terminate plaintiff, about their feelings regarding her wanting to become pregnant, and their true intentions as to why they were terminating plaintiff. See White v. The Graceland Collecge Center for Professional Dev., 2008 U.S. Dist. LEXIS 63088 (D.Ka. August 7, 2008)(defendant ordered to produce documents in native format with metadata in tact to determine in part to permit plaintiff to determine when key documents in FMLA discrimination case were prepared, modified and/or deleted); Hagenbuch v. 3B6 Sistemi Electronici Industriali S.R.L. 2006 U.S. Dist. LEXIS 10838, 2006 WL 665005, *1 (N.D.Ill. Mar. 8, 2006)(court found plaintiff entitled to documents be produced as requested). Notably, in Williams v. Sprint/United Mgmt. Co., 230 F.R.D. 640, 646 (D.Kan. 2005), the court considered sanctions against the party where it had deleted the metadata. In referenced to the Sedona Conference Principles, and identified a spectrum of potential importance of metadata in producing depending to a large extent on the type of electronic documentation at issue.

6.    Redacting Information from Material Recovered During Search. The parties are in disagreement as to the right of Ms. Soni to redact certain information from the documents recovered as a result of the search performed. In the first instance, plaintiff asserts that the defendant does not have a right to redact information because it did not produce a privilege log regarding the information it seeks to redact. It is well established in this District Court, that the failure to provide a privilege log in a timely manner will result in the waiver of objections on the basis of privilege. See Mohamed Muhibur Rahman v. Smith & Wollensky Restaurant Group, Inc., 2007 LEXIS 37642 (S.D.N.Y. May 24, 2007)(having waived any objections by failing to provide a privilege log, defendants were required to produce all responsive documents); FG Hemisphere Assocs., LLC v. Republique du Congo, No. 01 Civ. 8700, 2005 U.S. Dist. LEXIS 3523, 2005 WL 545218, at *6 (S.DN.Y. 2005) (collecting cases). In Hurst v. F.W.Woolworth Co., the Court held that the defendant waived any privilege that might exist for the documents at issue as a result of its unjustified failure to comply with the Local Rule requiring giving plaintiff notice of the documents it was withholding as privileged. 1997 U.S. Dist. LEXIS 1407, *8 (S.D.N.Y. Feb. 11, 1997). In reaching this conclusion, it referred to a number of decisions, including Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166 (2d Cir. 1992)(failure to comply with privilege log requirement may result in finding privilege was waived); Wilson v. New York City Housing Authority, 1996 U.S. Dist.LEXIS 13709, 1996 WL 524337, *2 (S.D.N.Y. 1996)("to the extent that defendants attempt to assert privilege, their failure to serve an index of privilege documents in conformity with Local Civil Rule 46(e)(2) has resulted in waiver of any privilege that may have otherwise had."); Carte Blanche (Singapore) PTE., Ltd. V. Diners Club Intern., Inc., 130 F.R.D. 28, 32 (S.D.N.Y. 1990)(by claiming "privilege" rather than specifying particular privilege as required by the local rules, defendant waived privileged); AFP Imaging Corp. V. Philips Medizin Systems, 1993 U.S. Dist. Lexis 18234, 1993 WL 541194, *3 (S.D.N.Y. 1993); Pfkinans Int'l Corp. V. IBJ Schroder Leasing Corp., 1996 U.S. Dist. LEXIS 13505, 1996 WL 525862, *2 (S.D.N.Y. 1996); Baron Phiippe De Rothschild, S.A. v. Paramount Distillers, Inc., 1995 U.S. Dist. LEXIS 2266, 1995 WL 86476, *1 (S.D.N.Y. 1995)("given delay in producing a privilege log, despite numerous requests, defendants have waived any possible privilege."); A.I.A. Holdings, S.A. v. Lehman Bros., Inc., 2000 U.S.Dist. LEXIS 15141, No. 97 Civ. 4978, 2000 WL 1538003, *3 (S.D.N.Y. Oct. 17, 2000)("the dearth of information in the index listing is so complete that the listing is the functional equivalent of no listing at all.")

7.    Given the well settled law regarding the loss of privilege if a party fails to produce a